IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALBERTO MARTINEZ, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 1:20-CV-1175 (DAE) |
| § | |
| § | |
| UNIVERSITY OF TEXAS AT AUSTIN, § | |
| Defendant. § | |
| § | |

# ORDER

Before the court is Plaintiff's Opposed Motion for Additional 120 Days to Engage in Settlement Discussions, Conduct Limited Discovery, and Provide Additional Briefing (the "Motion") (Dkt. 77), Defendant's Opposition to Plaintiff's Opposed Motion for Additional 120 Days to Engage in Settlement Discussions, Conduct Limited Discovery, and Provide Additional Briefing (Dkt. 78), and Plaintiff's Reply (Dkt. 79).[1] After considering the Motion, all related briefing, the entire docket and determining that a hearing on the matter is not necessary, the court enters the following Order.

## I.  THE MOTION

In the wake of a remand from the Fifth Circuit (Dkt. 74), Plaintiff seeks an additional 120 days to engage in settlement discussions, conduct limited discovery and provide additional briefing. In support of the Motion, Plaintiff claims that limited financial resources prevented more robust discovery efforts before the expiration of the original discovery deadline. Dkt. 77 at 3-4.

---

[1] On January 26, 2024, the Motion was referred, via text order, by Senior United States District Judge David A. Ezra to the undersigned for resolution as to the merits pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Although Plaintiff was originally represented by counsel, he pursued his appeal to the Fifth Circuit *pro se*. After a successful appeal, Plaintiff has retained new counsel on a contingency basis. New counsel claims that given his employment litigation expertise he hopes to acquire additional discovery. Dkt. 77 at 4. Plaintiff also proposes to "attempt to work out the missing production issues with UT that were raised in the prior motion to compel." *Id.* Plaintiff also "requests the opportunity to re-urge his motion to compel with additional briefing as necessary." *Id.* at 5.

Defendant responds that Plaintiff's requested relief is untimely and lacks "good cause." Dkt. 78. Defendant specifically argues that the Motion should be denied for the following eight reasons:

1. **Lack of Excusable Neglect**: Plaintiff's financial resource limitations and the effect this had on what previous counsel did, and did not do, does not constitute excusable neglect. *Id.* at 4.

2. **New Counsel Alone is Insufficient:** Standing alone, the retention of new counsel does not permit a party to the relief Plaintiff seeks. *Id.* at 4-5.

3. **Delay is Extensive Given Long Expired Deadlines:** Defendant notes that fact discovery and briefing deadlines expired over a year-and-a-half ago. *Id.* at 5.

4. **Plaintiff's Prior Briefing Addressed Pretext:** Defendant notes Plaintiff's prior briefing did address pretext. Defendant opines that Plaintiff's current request for additional briefing is only an acknowledgement that Plaintiff wants to brief the issue again. *Id.*

5. **Defendant Would Be Prejudiced:** Defendant revealed its tactics and positions in crafting the summary judgment motion. Additional depositions and discovery would allow Plaintiff to unfairly exploit these revelations. *Id.* at 5-6.

6. **Previous Denial of Plaintiff's Motion to Compel:** This court has already found that Plaintiff's previous June 2022 Motion to Compel was untimely; the Motion is even more untimely. *Id.* at 6.

7. **New Sexual Misconduct Allegations do not warrant additional Discovery:** Plaintiff complains that a sexual misconduct allegation has further drained his financial resources. Defendant counters that sexual misconduct allegation "was filed over a year into the discovery period and approximately two weeks before the fact-discovery deadline. Martinez cannot blame his discovery failures on this complaint as he had ample time to take discovery before it was filed." *Id*. at 6-7. In addition, when the allegation initially arose Plaintiff did not cite the allegation as a basis for earlier motions for extension of time.

8. **Fails to Satisfy FED. R. CIV. P. 56(d):** Plaintiff failed to satisfy Rule 56(d) requirements of an affidavit or declaration, nor that he cannot present essential facts, nor that he had previously been diligent in his pursuit of discovery. *Id.* 7-8.

In Reply, Plaintiff acknowledges the "relief he is requesting is a matter of discretion for this Court and based on principles of equity." Dkt. 79 at 1, citing FED. R. CIV. P. 6(b)(1)(B). Plaintiff maintains that the Motion supports a finding of excusable neglect and good cause but concedes that it is within the court's discretion to grant any motion to extend time. *Id.* at 2.

II. **ANALYSIS**

The court may, for good cause, extend the time when an act must be done. FED. R. CIV. P. 6(b). If the deadline has passed, the court may do so only on motion and only if the party failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1)(B). In determining whether a party acted with excusable neglect, courts consider (1) the danger of prejudice to the nonmovant, (2) length of

the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Bunswick Assocs.*, 507 U.S. 380, 395 (1993); *Miceli v. Bank of New York Mellon,* No. 1:13-CV-01032-DAE, 2015 WL 1758107, at *2 (W.D. Tex. Apr. 17, 2015).

Plaintiff acknowledges his request for additional discovery and consideration is rooted in equity. In addition, Plaintiff has the burden to establish that Defendant should be compelled to produce additional discovery. Plaintiff also has the burden to establish that his untimely Motion should be excused for good cause. Plaintiff has not met either burden.

On September 30, 2022, this court denied Plaintiff's Motion to Compel. Dkt. 63. In doing so, the court noted that Plaintiff's motion was untimely. Other than a successful trip to the Fifth Circuit and the retention of new counsel, nothing else has changed since this court found Plaintiff's June 21, 2022, motion to compel untimely. The current Motion is even more untimely. Plaintiff was free to retain any attorney to represent him. Plaintiff was also free to pay that attorney as much or as little as he saw fit. Neither Plaintiff's choice of attorney nor his decisions related to how much of his financial resources he wanted to apply to the pursuit of his complaint should inure to the detriment of Defendant. Individually, any of the first seven reasons cited by Defendant support the denial of the Motion. Taken together, Defendant's reasons overwhelmingly support the denial of the Motion. To be clear, the court finds neither good cause nor any excusable neglect for the untimeliness of the Motion.

### III.  CONCLUSION

Plaintiff's Opposed Motion for Additional 120 Days to Engage in Settlement Discussions, Conduct Limited Discovery, and Provide Additional Briefing (Dkt. 77) is **DENIED**.

SIGNED February 9, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE